IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| James-Kaulaniuakea Kaihana; Pauline-Puamamane Kaihana; David-Wynn Miller, <br><br>    Plaintiffs, <br><br>    vs. <br><br> District Court of the First Circuit, Waianae; Department of the Attorney General; Graig Y. Iha; Matthew S. Dvonch; State of Hawaii; Fannie Mae/Freddie Mac with the Mortgage Electronic Registration System, <br><br>    Defendants. | Civ. No. 12-00041 HG-BMK |

**ORDER DISMISSING ACTION WITH PREJUDICE**

On January 19, 2012, Plaintiffs James-Kaulaniuakea Kaihana, Pauline-Puamamane Kaihana, and David-Wynn Miller filed a document that the Court construes as a Complaint. The document is comprised of a collection of words, symbols, and letters laid out in no apparent order, and is completely unintelligible. The Court cannot identify a single coherent or complete sentence, let alone any specific claims that the Plaintiffs are advancing. The filing appears intended to be a "Complaint" because the top right-hand side of the first page contains the following words: "For this CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR of the **CLAIMANTS ARE with this <u>QUO-WARRANTO-COMPLAINT</u>** . .

1

. ." (Complaint at 1 (Doc. 1) (emphasis in original)).

David-Wynn Miller, along with other plaintiffs, has recently filed similar nonsensical complaints in <u>Lacabanne v. GMAC Mortgage, LLC.</u>, CV-12-00060 SOM-BMK; <u>Paet v. Argent Mortgage Co., LLC</u>, CV-12-00048 SOM-BMK; <u>Chau v. BNC Mortg., Inc.</u>, CV-11-00656 SOM-BMK; <u>Miller v. Argent Mortg. Co., LLC</u>, CV-11-00649 LEK-BMK; <u>Bailey v. BAC Home Loan Servicing, LP</u>, 11-00648 LEK-BMK. These complaints have uniformly been dismissed for failure to comply with Federal Rule of Civil Procedure 8 ("Rule 8").

Rule 8 requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8. <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 1969) (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969)); <u>see also</u> <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (stating that dismissal is appropriate when the complaint if so confused, ambiguous, or unintelligible that its true substance is disguised).

Plaintiffs are appearing <u>pro se</u>; consequently, the court liberally construes their pleadings. <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137, (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading'

of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curium)). Even liberally construed, however, the purported allegations in the Complaint are completely incoherent and utterly fail to state any kind of claim against any Defendant that is remotely plausible on its face.

As the Complaint is unintelligible and in violation of Rule 8, this action is **DISMISSED WITH PREJUDICE.** Amendment shall not be permitted, as it is apparent from the Complaint as well as Plaintiff David-Wynn Miller's numerous other filings in this court that this action has been filed in bad faith, and that granting leave to amend would be futile. See W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility).

**CONCLUSION**

This action is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

DATED: March 16, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
------
Helen Gillmor
United States District Judge

James-Kaulaniuakea Kaihana; Pauline-Paumamane; David-Wynn Miller v.

District Court of the First Circuit, Waianae; Department of the Attorney General; Graig Y. Iha; Matthew S. Dvonch; State of Hawaii; Fannie Mae/Freddie Mac with the Mortgage Electronic Registration Systemes, Inc.; Civil No. 12-00041 HG-BMK; ORDER DISMISSING ACTION WITH PREJUDICE.